Robert E. Aycock (8878)
William O. Kimball (9460)
**PIA ANDERSON MOSS HOYT, LLC**
136 E. South Temple, Suite 1900, SLC, UT 84111
801.350.9000
Raycock@pa-law.com
bkimball@pa-law.com

*Attorneys for Shipito, LLC*

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHIPITO, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>-vs-<br><br>JASON LUONG, an individual; Planet Express Shipping, LLC and Does 1 through 10.<br><br>    Defendants. | **COMPLAINT**<br><br>Case No.<br><br>Judge: |

Plaintiff Shipito, LLC ("*Shipito*") by and through its attorneys assert this Complaint against Jason Luong ("*Mr. Luong*") and Planet Express Shipping, LLC ("*Planet Express*") (collectively "*Defendants*"), and allege as follows:

### PARTIES

1. Plaintiff is a Utah limited liability company doing business in the state of Utah.

2. Upon information and belief, Jason Luong is a resident of Los Angeles County, California. Mr. Luong has been to Utah many times and has sufficient contact with the State of Utah to allow jurisdiction to be placed with this Court.

3. Upon information and belief, Planet Express Shipping, LLC is a California limited liability company having an address at 2815 Sepulveda Blvd. Unit 12, Torrance, CA 90505. Planet Express Shipping, LLC advertises and actively solicits customers in the State of Utah.

4. Does are currently unknown.

## JURISDICTION

5. This Court has subject matter jurisdiction over Shipito's claims based on the federal trade secret claim pursuant to 18 U.S.C. §§ 1836-39 et seq. and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

6. A substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this Judicial District. Venue therefore lies in the United States District for the District of Utah.

## FACTUAL BACKGROUND

7. In October 2008, Mr. Luong began working at Shipito.

8. Shipito provides international shipping solutions to its customers who purchase goods from U.S. retailers that do not provide international shipping. Shipito sets up an address for its customers to have their U.S. based purchases delivered. Shipito then consolidates its customers' packages and ships them via providers such as the United States Postal Service and Federal Express. In order to provide these services, and to compete in this highly competitive market, Shipito has created considerable proprietary and confidential information and trade secrets, such as its proprietary source code to create and operate its customer accounts through the Shipito website, www.shipito.com, as well as Shipito's customer and pricing lists, and other proprietary information.

9. While working at Shipito, Mr. Luong was promoted to COO and then later held the title V.P. Director of Operations.

10. Mr. Luong was the highest paid employee of Shipito before he left in December of 2016.

11. Mr. Luong was one of the leaders of Shipito and as a result had unfettered access to all of the confidential trade secrets and other information belonging to Shipito.

12. While employed at Shipito, Mr. Luong had access to copies of all of Shipito's source code, confidential processes and had a complete knowledge of the inner workings of Shipito.

13. While working at Shipito, Mr. Luong signed and agreed to a confidentiality agreement.

14. In December 2016, Mr. Luong informed Shipito that he was ending his employment at Shipito. At that time, he also misrepresented to Shipito that was going to work at a company doing business in an industry different from that of Shipito.

15. Instead, Mr. Luong went to work for Fishisfast.com, one of Shipito's direct competitors.

16. Upon information and belief, while Mr. Luong was at Fishisfast, Mr. Luong shared confidential and proprietary information with Fishisfast and worked to undermine and harm Shipito.

17. Upon information and belief, in approximately May of 2017, after acquiring proprietary information, and spending a few months at Fishisfast, Mr. Luong formed his own company, Planet Express Shipping, LLC ("Planet Express"), that is a copycat business of Shipito based on the confidential proprietary information and trade secrets that Mr. Luong took from Shipito.

## FIRST CAUSE OF ACTION
### Violation of Defense of Trade Secret Act
### (Against All Defendants)

18. Plaintiff incorporates all of the above paragraphs as though fully set forth herein.

19. Plaintiff owns and possesses certain confidential, proprietary, and trade secret information, as alleged above. This trade secret information includes source code for its Shipito website, customer lists, and other proprietary information.

20. Plaintiff's confidential, proprietary, and trade secret information relates to services used in interstate commerce and foreign commerce.

21. Plaintiff has taken reasonable measures to keep such information secret and confidential.

22. Plaintiff required Mr. Luong to sign a confidentiality agreement in order to keep Plaintiff's trade secrets confidential.

23. Due to Plaintiff's efforts to keep the proprietary trade secret information confidential, this information is not available for others to reproduce the same.

24. Plaintiff's trade secrets derive economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from disclosure or use of the information.

25. In violation of Plaintiff's rights, Defendants misappropriated Plaintiff's confidential, proprietary and trade secret information in an improper and unlawful manner as alleged herein. Defendants' misappropriation of Plaintiff's confidential, proprietary, and trade secret information

was intentional, knowing, willful, malicious, fraudulent, and oppressive. Defendants have attempted and continue to attempt to conceal their misappropriation.

26. On information and belief, if Defendants are not enjoined, Defendants will continue to misappropriate and use Plaintiff's trade secret information for their own benefit and to Plaintiff's detriment.

27. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and, if Defendants' conduct is not stopped, will continue to suffer severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect its confidential, proprietary, and trade secret information and to protect other legitimate business interests. Plaintiff's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

28. Plaintiff has been damaged by all of the foregoing and is entitled to an award of exemplary damages and attorney's fees and costs.

## SECOND CAUSE OF ACTION
**Utah Trade Secret Act, U.C.A. § 13-24-1, et seq.**
**(Against All Defendants)**

29. Plaintiff incorporates all of the above paragraphs as though fully set forth herein.

30. Defendants wrongfully misappropriated trade secrets from Plaintiff in the form of customer lists, source code and other proprietary information.

31. The trade secrets are not generally known or reasonable ascertainable to Defendants by proper means.

32. Plaintiff took reasonable efforts to maintain the secrecy of the trade secrets by having Defendants sign protective agreements and by having a policy that confidential information is to be keep secret.

33. Plaintiff should be entitled to both injunctive relief and damages as allowed by U.C.A. §§ 13-24-3 and 4.

34. Defendants' misappropriation was willful and malicious thereby entitling Plaintiff to an award of exemplary damages pursuant to U.C.A. § 13-24-5.

### THIRD CAUSE OF ACTION
### Breach of Contract
### (Against Mr. Luong)

35. Plaintiff incorporates all of the above paragraphs as though fully set forth herein.

36. Shipito and Mr. Luong entered into a Proprietary Information and Inventions Agreement ("Agreement") on or about April 16, 2015.

37. Valid consideration existed for entering into this Agreement.

38. Plaintiff fulfilled its obligations under the Agreement.

39. Mr. Luong agreed not to disclose Proprietary Information to anyone outside of Shipito.

40. Mr. Luong agreed to return to Shipito all proprietary information in his possession.

41. Mr. Luong also agreed not to compete with Shipito.

42. Finally, Mr. Luong agreed not to solicit during his employment and for two years following:

> (i) solicit, encourage, or cause others to solicit or encourage any of the processing partners, resellers, customers, clients, suppliers, contractors, or employees of Company to terminate or decrease their dealings with Company or to

become a customer of mine or any other person, business entity, if I or such other person, business or entity offers produce or services which are or may be competitive with those offered by the Company or (ii) hire, contract or take away or cause to be hired, contracted or taken away, any contractor or employee of Company.

43. Mr. Luong violated the terms of the Agreement and has engaged in activities contrary to Agreement between the parties.

44. Based on Mr. Luong's violations of the Agreement, Plaintiff has incurred damages to be determined at trial.

## FOURTH CAUSE OF ACTION
### Implied Covenant of Good Faith and Fair Dealing
### (Against Mr. Luong)

45. Plaintiff incorporates all of the above paragraphs as though fully set forth herein.

46. The contractual relationship between Mr. Luong and Plaintiff has an implied covenant that the parties will act in good faith and deal fairly with one another so that each party can receive the benefit of the Agreement.

47. Mr. Luong intentionally without regard for Plaintiff's implied rights under the Agreement violated the Agreement and act in such a way as to breach the implied covenant of good faith and fair dealing.

48. Mr. Luong's actions have caused harm to Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

1. Judgment in Plaintiff's favor and against Defendants on all causes of action alleged herein;

2.   For damages in an amount to be proven at trial, including treble damages where available;

3.   For preliminary and permanent injunctive relief;

4.   For judgment that this is an exceptional case;

5.   For punitive damages;

6.   For restitution;

7.   For costs of suit incurred herein;

8.   For exemplary damages;

9.   For prejudgment interest;

10.  For attorneys' fees and costs; and

11.  For such other and further relief as the Court may deem to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for causes of action, claims, or issues in this action, claims, or issues in this action that are triable as a matter of right to a jury.

Dated this 25th day of August, 2017.

/s/ Robert E. Aycock
Robert E. Aycock
William O. Kimball
*Attorneys for Shipito, LLC*