# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPITO, LLC, | Case No. 2:17-cv-08961-SJO-AGR |
| | NOTE CHANGES MADE BY THE COURT |
| Plaintiff, | [PROPOSED] PROTECTIVE |
| v. | ORDER |
| JASON LUONG, PLANET | Judge: Hon. S. James Otero |
| EXPRESS SHIPPING, LLC, and | |
| DOES 1 through 10. | |
| | NOTE CHANGES MADE BY THE COURT |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1.    Scope of Protection

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

---

**Case 2:17-cv-08961-SJO-AGR**

1    This Protective Order shall apply to the parties and to any nonparty from
2  whom discovery may be sought who desires the protection of this Protective
3  Order.

4    Nonparties may challenge the confidentiality of the protected information
5  by filing a motion to intervene and a motion to de-designate.

6    2.    Definitions

7    (a)    The term PROTECTED INFORMATION shall mean
8  confidential or proprietary technical, scientific, financial, business, health, medical
9  information, or any trade secret information designated as such by the producing
10  party.

11    (b)    The term CONFIDENTIAL INFORMATION   –
12  ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is
13  so designated by the producing party.   The designation CONFIDENTIAL -
14  ATTORNEYS EYES ONLY may be used only for the following types of past,
15  current, or future PROTECTED INFORMATION:   (1) sensitive technical
16  information, including current research, development and manufacturing
17  information and patent prosecution information, (2) sensitive business
18  information, including highly sensitive financial or marketing information and the
19  identity of suppliers, distributors and potential or actual customers, (3) competitive
20  technical information, including technical analyses or comparisons of competitor's
21  products, (4) competitive business information, including non-public financial or
22  marketing analyses or comparisons of competitor's products and strategic product
23  planning, (5) any other trade secret information, or (6) any other PROTECTED
24  INFORMATION the disclosure of which to non-qualified people subject to this
25  Protective Order the producing party reasonably and in good faith believes would
26  likely cause harm.

27

28

---

**Case 2:17-cv-08961-SJO-AGR**

2

1          (c)    The term CONFIDENTIAL INFORMATION shall mean all
2 PROTECTED INFORMATION that is not designated as "CONFIDENTIAL -
3 ATTORNEYS EYES ONLY" information.

4          (d)    The term TECHNICAL ADVISOR shall refer to any person
5 who is not a party to this action and/or not presently employed by the receiving
6 party or a company affiliated through common ownership, who has been
7 designated by the receiving party to receive another party's PROTECTED
8 INFORMATION, including CONFIDENTIAL INFORMATION –
9 ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION. Each
10 party's TECHNICAL ADVISORS shall be limited to such person as, in the
11 judgment of that party's counsel, are reasonably necessary for development and
12 presentation of that party's case. These persons include outside experts or
13 consultants retained to provide technical or other expert services such as expert
14 testimony or otherwise assist in trial preparation.

15    3.   Disclosure Agreements

16          (a)    Each receiving party's TECHNICAL ADVISOR shall sign a
17 disclosure agreement in the form attached hereto as Exhibit A. Copies of any
18 disclosure agreement in the form of Exhibit A signed by any person or entity to
19 whom PROTECTED INFORMATION is disclosed shall be provided to the other
20 party promptly after execution by facsimile and overnight mail. No disclosures
21 shall be made to a TECHNICAL ADVISOR for a period of five (5) business days
22 after the disclosure agreement is provided to the other party.

23          (b)    Before any PROTECTED INFORMATION is disclosed to
24 outside TECHNICAL ADVISORS, the following information must be provided
25 in writing to the producing party and received no less than five (5) business days
26 before the intended date of disclosure to that outside TECHNICAL ADVISOR:
27 the identity of that outside TECHNICAL ADVISOR, business address and/or
28

**Case 2:17-cv-08961-SJO-AGR**

1    affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if
2    not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief
3    description, including education, present and past employment and general areas
4    of expertise of the TECHNICAL ADVISOR.  If the producing party objects to
5    disclosure of PROTECTED INFORMATION to an outside TECHNICAL
6    ADVISOR, the producing party shall within five (5) business days of receipt serve
7    written objections identifying the specific basis for the objection, and particularly
8    identifying all information to which disclosure is objected.  Failure to object within
9    five (5) business days shall authorize the disclosure of PROTECTED
10   INFORMATION to the TECHNICAL ADVISOR.  As to any objections, the
11   parties shall attempt in good faith to promptly resolve any objections informally.
12   If the objections cannot be resolved, the party seeking to prevent disclosure of the
13   PROTECTED INFORMATION to the expert shall move within five (5) business
14   days for an Order of the Court preventing the disclosure.  The burden of proving
15   that the designation is proper shall be upon the producing party.  If no such motion
16   is made within five (5) business days, disclosure to the TECHNICAL ADVISOR
17   shall be permitted.  In the event that objections are made and not resolved
18   informally and a motion is filed, disclosure of PROTECTED INFORMATION to
19   the TECHNICAL ADVISOR shall not be made except by Order of the Court.

20           (c)    Any disclosure agreement executed by any person affiliated
21   with a party shall be provided to any other party who, based upon a good faith
22   belief that there has been a violation of this order, requests a copy.

23           (d)    No party shall attempt to depose any TECHNICAL ADVISOR
24   until such time as the TECHNICAL ADVISOR is designated by the party
25   engaging the TECHNICAL ADVISOR as a testifying expert.  Notwithstanding
26   the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact
27   witness provided that the party seeking such deposition has a good faith,
28

1  demonstrable basis independent of the disclosure agreement of Exhibit A or the
2  information provided under subparagraph (a) above that such person possesses
3  facts relevant to this action, or facts likely to lead to the discovery of admissible
4  evidence; however, such deposition, if it precedes the designation of such person
5  by the engaging party as a testifying expert, shall not include any questions
6  regarding the scope or subject matter of the engagement.  In addition, if the
7  engaging party chooses not to designate the TECHNICAL ADVISOR as a
8  testifying expert, the non-engaging party shall be barred from seeking discovery
9  or trial testimony as to the scope or subject matter of the engagement.

10        4.    Designation of Information

11             (a)    Documents and things produced or furnished during the course
12  of this action shall be designated as containing CONFIDENTIAL
13  INFORMATION by placing on each page, each document (whether in paper or
14  electronic form), or each thing a legend substantially as follows:

15                         CONFIDENTIAL INFORMATION

16             (b)    Documents and things produced or furnished during the course
17  of this action shall be designated as containing information which is
18  CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on
19  each page, each document (whether in paper or electronic form), or each thing a
20  legend substantially as follows:

21        CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

22             (c)    During discovery a producing party shall have the option to
23  require that all or batches of materials be treated as containing CONFIDENTIAL
24  INFORMATION – ATTORNEYS EYES ONLY during inspection and to make
25  its designation as to particular documents and things at the time copies of
26  documents and things are furnished.

27
28

**Case 2:17-cv-08961-SJO-AGR**

1            (d)    A party may designate information disclosed at a deposition as

2    CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

3    ATTORNEYS EYES ONLY by requesting the reporter to so designate the

4    transcript at the time of the deposition.

5            (e)    A producing party shall designate its discovery responses,

6    responses to requests for admission, briefs, memoranda and all other papers sent

7    to the court or to opposing counsel as containing CONFIDENTIAL

8    INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES

9    ONLY when such papers are served or sent.

10   Information used at trial shall become public absent a separate court order upon motion and a showing satisfying the applicable legal standard.

11           (f)    ~~A party shall designate information disclosed at a hearing or~~

12   ~~trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL~~

13   ~~INFORMATION – ATTORNEYS EYES ONLY by requesting the court, at the~~

14   ~~time the information is proffered or adduced, to receive the information only in the~~

15   ~~presence of those persons designated to receive such information and court~~

16   ~~personnel, and to designate the transcript appropriately.~~

17           (g)    The parties will use reasonable care to avoid designating any

18   documents or information as CONFIDENTIAL INFORMATION or as

19   CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY that is not

20   entitled to such designation or which is generally available to the public.  The

21   parties shall designate only that part of a document or deposition that is

22   CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

23   ATTORNEYS EYES ONLY, rather than the entire document or deposition.  For

24   example, if a party claims that a document contains pricing information that is

25   CONFIDENTIAL – ATTORNEYS EYES ONLY, the party will designate only

26   that part of the document setting forth the specific pricing information as

27   ATTORNEYS EYES ONLY, rather than the entire document.

**Case 2:17-cv-08961-SJO-AGR**

1   ~~(h)  In multi-party cases, Plaintiffs and/or Defendants shall further be~~

2   ~~able to designate documents as CONFIDENTIAL INFORMATION – NOT TO~~

3   ~~BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL~~

4   ~~INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS for~~

5   ~~documents that shall not be disclosed to other parties.~~

6        5.   Disclosure and Use of Confidential Information

7        Information that has been designated CONFIDENTIAL INFORMATION

8   or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be

9   disclosed by the receiving party only to Qualified Recipients.  Because of the

10  highly confidential nature of some of the information to be shared, and because of

11  the economic consequences of making that highly confidential information public,

12  all Qualified Recipients *other than the court* shall hold such information received from the disclosing

13  party in confidence, shall use the information only for purposes of this action and

14  for no other action, and shall not use it for any business or other commercial

15  purpose, and shall not use it for filing or prosecuting any patent application (of any

16  type) or patent reissue or reexamination request, and shall not disclose it to any

17  person, except as hereinafter provided.  All information that has been designated

18  CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION –

19  ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access

20  by persons who are not qualified to receive such information under the terms of

21  this Order.

22  ~~In multi-party cases, documents designated as CONFIDENTIAL~~

23  ~~INFORMATION – NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or~~

24  ~~CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER~~

25  ~~DEFENDANTS shall not be disclosed to other plaintiffs and/or defendants.~~

26       6.   Qualified Recipients

27       For purposes of this Order, "Qualified Recipient" means

28

1            (a)     For CONFIDENTIAL INFORMATION – ATTORNEYS

2 EYES ONLY:

3                (1)    Outside counsel of record for the parties in this action,

4 and the partners, associates, secretaries, paralegal assistants, and employees of

5 such counsel to the extent reasonably necessary to render professional services in

6 the action, outside copying services, document management services and graphic

7 services;

8                (2)    Court officials involved in this action (including court

9 reporters, persons operating video recording equipment at depositions, and any

10 special master appointed by the Court);

11                (3)    Any person designated by the Court in the interest of

12 justice, upon such terms as the Court may deem proper;

13                (4)    Any outside TECHNICAL ADVISOR employed by the

14 outside counsel of record, subject to the requirements in Paragraph 3 above; and

15                (5)    Any witness during the course of discovery, so long as

16 it is stated on the face of each document designated CONFIDENTIAL

17 INFORMATION – ATTORNEYS EYES ONLY being disclosed that the witness

18 to whom a party is seeking to disclose the document was either an author, recipient,

19 or otherwise involved in the creation of the document.  Where it is not stated on

20 the face of the confidential document being disclosed that the witness to whom a

21 party is seeking to disclose the document was either an author, recipient, or

22 otherwise involved in the creation of the document, the party seeking disclosure

23 may nonetheless disclose the confidential document to the witness, provided that:

24 (i) the party seeking disclosure has a reasonable basis for believing that the witness

25 in fact received or reviewed the document, (ii) the party seeking disclosure

26 provides advance notice to the party that produced the document, and (iii) the party

27 that produced the document does not inform the party seeking disclosure that the

28

**Case 2:17-cv-08961-SJO-AGR**

1   person to whom the party intends to disclose the document did not in fact receive

2   or review the documents.  Nothing herein shall prevent disclosure at a deposition

3   of a document designated CONFIDENTIAL INFORMATION – ATTORNEYS

4   EYES ONLY to the officers, directors, and managerial level employees of the

5   party producing such CONFIDENTIAL INFORMATION – ATTORNEYS EYES

6   ONLY, or to any employee of such party who has access to such

7   CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY in the

8   ordinary course of such employee's employment.

9               (b)    FOR CONFIDENTIAL INFORMATION:

10                     (1)    Those persons listed in paragraph 6(a);

11                     (2)    In-house counsel for a party to this action who are acting

12         in a legal capacity and who are actively engaged in the conduct of this

13         action, and the secretary and paralegal assistants of such counsel to the

14         extent reasonably necessary;

15                     (3)    The insurer of a party to litigation and employees of such

16         insurer to the extent reasonably necessary to assist the party's counsel to

17         afford the insurer an opportunity to investigate and evaluate the claim for

18         purposes of determining coverage and for settlement purposes; and

19                     (4)    Employees of the parties.

20   7.    Use of Protected Information

21         (a)    In the event that any receiving party's ~~briefs, memoranda~~, discovery

22   requests, requests for admission or other papers of any kind which are served ~~or~~

23   ~~filed~~ shall include another party's CONFIDENTIAL INFORMATION or

24   CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the papers

25   shall be appropriately designated pursuant to paragraphs 4(a) and (b), and pursuant

26   to relevant local rules, and shall be treated accordingly.

27

28

---

**Case 2:17-cv-08961-SJO-AGR**

1          (b)     All documents, including attorney notes and abstracts, which

2  contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL

3  INFORMATION – ATTORNEYS EYES ONLY, shall be handled as if they were

4  designated pursuant to paragraph 4(a) or (b).

5          (c)     Documents, papers and transcripts filed with the court which

6  contain    any    other    party's    CONFIDENTIAL    INFORMATION    or

7  CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be filed

8  ~~in sealed envelopes and labeled according to relevant local rules.~~ with an application to file under seal under local Rule 79-5.

9          (d)     To the extent that documents are reviewed by a receiving party

10  prior to production, any knowledge learned during the review process will be

11  treated by the receiving party as CONFIDENTIAL INFORMATION –

12  ATTORNEYS EYES ONLY until such time as the documents have been

13  produced, at which time any stamped classification will control.  No photograph

14  or any other means of duplication, including but not limited to electronic means,

15  of materials provided for review prior to production is permitted before the

16  documents are produced with the appropriate stamped classification.

17          (e)     In the event that any question is asked at a deposition with

18  respect to which a party asserts that the answer requires the disclosure of

19  CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

20  ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the

21  witness fully and completely.  Prior to answering, however, all persons present

22  shall be advised of this Order by the party making the confidentiality assertion and,

23  in the case of information designated as CONFIDENTIAL INFORMATION –

24  ATTORNEYS EYES ONLY at the request of such party, all persons who are not

25  allowed to obtain such information pursuant to this Order, other than the witness,

26  shall leave the room during the time in which this information is disclosed or

27  discussed.

28

**Case 2:17-cv-08961-SJO-AGR**

1      (f)    Nothing in this Protective Order shall bar or otherwise restrict

2  outside counsel from rendering advice to his or her client with respect to this action

3  and, in the course thereof, from relying in a general way upon his examination of

4  materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL

5  INFORMATION – ATTORNEYS EYES ONLY, provided, however, that in

6  rendering such advice and in otherwise communicating with his or her clients, such

7  counsel shall not disclose the specific contents of any materials designated

8  CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

9  ATTORNEYS EYES ONLY.

10      8.    Inadvertent Failure to Designate

11      (a)    In the event that a producing party inadvertently fails to

12  designate any of its information pursuant to paragraph 4, it may later designate by

13  notifying the receiving parties in writing.  The receiving parties shall take

14  reasonable steps to see that the information is thereafter treated in accordance with

15  the designation.

16      (b)    It shall be understood however, that no person or party shall

17  incur any liability hereunder with respect to disclosure that occurred prior to

18  receipt of written notice of a belated designation.

19      9.    Challenge to Designation

20      (a)    Any receiving party may challenge a producing party's

21  designation at any time. *consistent with the pretrial schedule ordered by the court.* A failure of any party to expressly challenge a claim of

22  confidentiality or any document designation shall not constitute a waiver of the

23  right to assert at any subsequent time that the same is not in-fact confidential or

24  not an appropriate designation for any reason.

25      (b)    Notwithstanding anything set forth in paragraph 2(a) and (b)

26  herein, any receiving party may disagree with the designation of any information

27  received from the producing party as CONFIDENTIAL INFORMATION or

28

_AGR_

**Case 2:17-cv-08961-SJO-AGR**

11

1    CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.   In that case,
2    any receiving party desiring to disclose or to permit inspection of the same
3    otherwise than is permitted in this Order, may request the producing party in
4    writing to change the designation, stating the reasons in that request.   The
5    producing party shall then have five (5) business days from the date of receipt of
6    the notification to:

7                    (i)    advise the receiving parties whether or not it persists in
8                           such designation; and
9                    (ii)   if it persists in the designation, to explain the reason for
10                          the particular designation.

11              (c)    If its request under subparagraph (b) above is turned down, or
12   if no response is made within five (5) business days after receipt of notification,
13   any producing party may then move the court for a protective order or any other
14   order to maintain the designation.   The burden of proving that the designation is
15   proper shall be upon the producing party.   If no such motion is made within five
16   (5) business days, the information will be de-designated to the category requested
17   by the receiving party.   In the event objections are made and not resolved
18   informally and a motion is filed, disclosure of information shall not be made until
19   the issue has been resolved by the Court (or to any limited extent upon which the
20   parties may agree).

21              No party shall be obligated to challenge the propriety of any designation
22   when made, and failure to do so shall not preclude a subsequent challenge to the
23   propriety of such designation.

24              (d)    With respect to requests and applications to remove or change
25   a designation, information shall not be considered confidential or proprietary to
26   the producing party if:

27

28

Case 2:17-cv-08961-SJO-AGR

1           (i)     the information in question has become available to the

2                  public through no violation of this Order; or

3           (ii)    the information was known to any receiving party prior

4                  to its receipt from the producing party; or

5           (iii)   the information was received by any receiving party

6                  without restrictions on disclosure from a third party

7                  having the right to make such a disclosure.

8      10.   Inadvertently Produced Privileged Documents

9         The parties hereto also acknowledge that regardless of the producing party's

10 diligence an inadvertent production of attorney-client privileged or attorney work

11 product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed.

12 R. Evid. 502, they therefore agree that if a party through inadvertence produces or

13 provides discovery that it believes is subject to a claim of attorney-client privilege

14 or attorney work product, the producing party may give written notice to the

15 receiving party that the document or thing is subject to a claim of attorney-client

16 privilege or attorney work product and request that the document or thing be

17 returned to the producing party. The receiving party shall return to the producing

18 party such document or thing. Return of the document or thing shall not constitute

19 an admission or concession, or permit any inference, that the returned document

20 or thing is, in fact, properly subject to a claim of attorney-client privilege or

21 attorney work product, nor shall it foreclose any party from moving the Court

22 pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such

23 document or thing has been improperly designated or should be produced.

24      11.   Inadvertent Disclosure

25         In the event of an inadvertent disclosure of another party's

26 CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

27 ATTORNEYS EYES ONLY to a non-Qualified Recipient, the party making the

28

**Case 2:17-cv-08961-SJO-AGR**

1 │ inadvertent disclosure shall promptly upon learning of the disclosure:  (i) notify
2 │ the person to whom the disclosure was made that it contains CONFIDENTIAL
3 │ INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES
4 │ ONLY subject to this Order; (ii) make all reasonable efforts to preclude
5 │ dissemination  or  use  of  the  CONFIDENTIAL  INFORMATION  or
6 │ CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by the person
7 │ to whom disclosure was inadvertently made including, but not limited to, obtaining
8 │ all copies of such materials from the non-Qualified Recipient; and (iii) notify the
9 │ producing party of the identity of the person to whom the disclosure was made,
10 │ the circumstances surrounding the disclosure, and the steps taken to ensure against
11 │ the dissemination or use of the information.

12 │       12.   Limitation

13 │       This Order shall be without prejudice to any party's right to assert at
14 │ any time that any particular information or document is or is not subject to
15 │ discovery, production or admissibility on the grounds other than confidentiality.

16 │       13.   Conclusion of Action

17 │       (a)   At the conclusion of this action, including through all appeals,
18 │ each party or other person subject to the terms hereof shall be under an obligation
19 │ to destroy or return to the producing party all materials and documents containing
20 │ CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –
21 │ ATTORNEYS EYES ONLY and to certify to the producing party such destruction
22 │ or return.  Such return or destruction shall not relieve said parties or persons from
23 │ any of the continuing obligations imposed upon them by this Order.

24 │       (b)   After this action, trial counsel for each party may retain one
25 │ archive copy of all documents and discovery material even if they contain or reflect
26 │ another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL
27 │
28 │

**Case 2:17-cv-08961-SJO-AGR**

1  INFORMATION – ATTORNEYS EYES ONLY.  Trial counsel's archive copy
2  shall remain subject to all obligations of this Order.

3        (c)    The provisions of this paragraph shall not be binding on the
4  United States, any insurance company, or any other party to the extent that such
5  provisions conflict with applicable Federal or State law.  The Department of
6  Justice, any insurance company, or any other party shall notify the producing party
7  in writing of any such conflict it identifies in connection with a particular matter
8  so that such matter can be resolved either by the parties or by the Court.

9        14.    Production by Third Parties Pursuant to Subpoena

10        Any third party producing documents or things or giving testimony in this
11  action pursuant to a subpoena, notice or request may designate said documents,
12  things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL
13  INFORMATION – ATTORNEYS EYES ONLY.  The parties agree that they will
14  treat CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION
15  – ATTORNEYS EYES ONLY produced by third parties according to the terms of
16  this Order.

17        15.    Compulsory Disclosure to Third Parties

18        If any receiving party is subpoenaed in another action or proceeding or
19  served with a document or testimony demand or a court order, and such subpoena
20  or demand or court order seeks CONFIDENTIAL INFORMATION or
21  CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY of a
22  producing party, the receiving party shall give prompt written notice to counsel for
23  the producing party and allow the producing party an opportunity to oppose such
24  subpoena or demand or court order prior to the deadline for complying with the
25  subpoena or demand or court order.  No compulsory disclosure to third parties of
26  information or material exchanged under this Order shall be deemed a waiver of

27
28

1    any claim of confidentiality, except as expressly found by a court or judicial

2    authority of competent jurisdiction.

3            16.    Jurisdiction to Enforce Protective Order

*Omitted.*

4    ~~After the termination of this action, the Court will continue to have~~

5    ~~jurisdiction to enforce this Order.~~

6            17.    Modification of Protective Order

7            This Order is without prejudice to the right of any person or entity to seek a

8    modification of this Order at any time either through stipulation or Order of the

9    Court.

10           18.    Confidentiality of Party's own Documents

11           Nothing herein shall affect the right of the designating party to disclose to

12   its officers, directors, employees, attorneys, consultants or experts, or to any other

13   person, its own information. Such disclosure shall not waive the protections of this

14   Protective Order and shall not entitle other parties or their attorneys to disclose

15   such information in violation of it, unless by such disclosure of the designating

16   party the information becomes public knowledge. Similarly, the Protective Order

17   shall not preclude a party from showing its own information, including its own

18   information that is filed under seal by a party, to its officers, directors, employees,

19   attorneys, consultants or experts, or to any other person.

20

21   SO ORDERED AND ENTERED BY THE COURT PURSUANT TO FED. R.

22   CIV. P. 26(c) EFFECTIVE AS OF THE COMMENCE OF THE ACTION.

23

24   DATED:  5/7/2018

25                                    *Alicia G. Rosenberg*

26                                    Honorable Alicia G Rosenberg

27                                    United States Magistrate Judge

28

---

**Case 2:17-cv-08961-SJO-AGR**

16

1
2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHIPITO, LLC,

                Plaintiff,

   v.

JASON LUONG, PLANET
EXPRESS SHIPPING, LLC, and
DOES 1 through 10.

              Defendants.

Case No. 2:17-cv-08961-SJO-AGR

**DISCLOSURE AGREEMENT**

Judge: Hon. S. James Otero

**Case 2:17-cv-08961-SJO-AGR**

1    I, _____, am employed by _____.   In

2    connection with this action, I am:

3    _____   a director, officer or employee of _____

4         who is directly assisting in this action;

5    _____   have been retained to furnish technical or other expert services or to

6         give testimony (a "TECHNICAL ADVISOR");

7    _____   Other Qualified Recipient (as defined in the Protective Order)

8         (Describe:_____)

9

10       I have read, understand and agree to comply with and be bound by the terms

11    of the Protective Order in the matter of *Shipito, LLC v. Luong*, Civil Action No.

12    2:17-cv-08961-SJO-AGR, pending in the United States District Court for the

13    Central District of California.  I further state that the Protective Order entered by

14    the Court, a copy of which has been given to me and which I have read, prohibits

15    me from using any PROTECTED INFORMATION, including documents, for any

16    purpose not appropriate or necessary to my participation in this action or disclosing

17    such documents or information to any person not entitled to receive them under

18    the terms of the Protective Order.  To the extent I have been given access to

19    PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit

20    such information except to those persons whom I know (a) are authorized under

21    the Protective Order to have access to such information, and (b) have executed a

22    Disclosure Agreement.  I will return, on request, all materials containing

23    PROTECTED INFORMATION, copies thereof and notes that I have prepared

24    relating thereto, to counsel for the party with whom I am associated. I agree to be

25    bound by the Protective Order in every aspect and to be subject to the jurisdiction

26    of the United States District Court for the Central District of California for

27    purposes of its enforcement and the enforcement of my obligations under this

28

**Case 2:17-cv-08961-SJO-AGR**

1 | Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true
2 | and correct.
3
4
5
_____
6 |     Signed by Recipient
7
8
9
_____
10 |     Name (printed)
11
12 | Date: _____
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Case 2:17-cv-08961-SJO-AGR**

19