UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-08961-SJO (AGRx) | Date | 07/09/2018 |
|---|---|---|---|
| Title | Shipito, LLC. v. Jason Luong, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| K. Lozada | XTR 07/09/2018 | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
|---|---|
| Robert E. Aycock, William B. Chadwick, | Alan Edward Engle, |

**Proceedings:**     **DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSE TO INTERROGATORY NO. 1**

Case is called. Counsel state their appearances.

The parties filed a Joint Discovery Conference Report on July 6, 2018.  (Dkt No. 55.) Defendants seek a court order requiring Plaintiff Shipito, LLC to identify the trade secrets at issue with greater specificity in response to an interrogatory under Fed. R. Civ. P. 33.  Plaintiff opposes the motion. The court conducted a telephonic discovery conference on July 9, 2018.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to control the timing and sequence of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

Defendants served an interrogatory that required Plaintiff to "[i]dentify with specificity each and every alleged trade secret that You contend either named defendant misappropriated from Shipito." (Joint Report at 1.)

For purposes of the Defend Trade Secrets Act ("DTSA"), enacted May 11, 2016, a trade secret is defined as "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if – (A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-08961-SJO (AGRx) | Date | 07/09/2018 |
|----------|------------------------|------|------------|

| Title | Shipito, LLC. v. Jason Luong, et al. |
|-------|--------------------------------------|

another person who can obtain economic value from the disclosure or use of the information."  18 U.S.C. 1839(3).

A plaintiff "'should describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.'"  *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998) (emphasis in original) (citation omitted); *see Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, 2018 U.S. Dist. LEXIS 85121, *5 (N.D. Cal. May 21, 2018) (noting elements of misappropriation claim under DTSA and California Uniform Trade Secrets Act (CUTSA) "are essentially the same").

Plaintiff's response to the interrogatory offers only broad generalities such as financial information, marketing strategy, pricing formula, source code, order flow, carrier agreements, etc. Plaintiff cites to the First Amended Complaint and the declarations of Mr. Boyle and Mr. Fata, but these documents similarly disclose only general descriptions.  *See Imax*, 152 F.3d at 1166-67 (affirming ruling that interrogatory response did not provide adequate level of specificity under facts of that case given patent disclosure); *see Digital Mentor, Inc. v. Ovivo USA, LLC*, 2018 U.S. Dist. LEXIS 27957, *6 (W.D. Wash. Feb. 21, 2018) (to the extent plaintiff argues its "'processes, technology, and system'" are trade secrets, it fails to identify what processes, what technology, and what system it is seeking to protect");[1] *Delphon Indus., LLC v. Int'l Test Solutions, Inc.*, 2012 U.S. Dist. LEXIS 659, *11 (N.D. Cal. Jan. 4, 2012) (noting description was "so general that Delphon did not even bother to protect the description under the terms of the Stipulated Protective Order"); *N. Am. Lubricants Co. v. Terry*, 2011 U.S. Dist. LEXIS 133672, *18-*19 (E.D. Cal. Nov. 18, 2011) (finding "business model," "business plan" and "marketing materials" was insufficient); *compare Mfg. Automation & Software Sys. v. Hughes*, 2018 U.S. Dist. LEXIS 106797, *36-*38 (C.D. Cal. June 25, 2018) (addressing sufficient interrogatory response in context of summary judgment); *SocialApps, LLC v. Zynga, Inc.*, 2012 U.S. Dist. LEXIS 82767, *11 (N.D. Cal. June 14, 2012) (noting identification of specific lines of source code or file names would be sufficient).

This case has been pending since August 2017, and defense counsel represents that defendants have produced over 7500 pages, including source code and customer information.  The discovery cut-off date is October 15, 2018, roughly three months away.  (Dkt. No. 47.)   Contrary to Plaintiff's argument, this stage of the litigation is not too early to require a specific identification of the trade secrets at issue. Even if this case were not in the later stage of discovery, "[c]ourts have observed that ordering 'the listing of trade secrets at the outset of the litigation is a common requirement.'"  *N. Am. Lubricants*, 2011 U.S. Dist. LEXIS 133672, *15.  "Early identification of trade secrets serves four purposes:  (1) 'it promotes well-investigated claims and dissuades the filing of meritless trade secret complaints'; (2) 'it prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets'; (3) it 'assists the court in framing the appropriate scope of discovery and in determining whether

---

[1]  The *Digital Mentor* case involved a request for a preliminary injunction.  Nevertheless, this court cites the case because its explanation of the deficiency in Plaintiff's evidence is illustrative of the deficiency in the Plaintiff's interrogatory response in this case.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-08961-SJO (AGRx) | Date | 07/09/2018 |
|----------|------------------------|------|------------|

| Title | Shipito, LLC. v. Jason Luong, et al. |
|-------|--------------------------------------|

plaintiff's discovery requests fall within that scope'; and (4) 'it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.'" *Id.* at \*15-\*16 (quoting *Computer Economics, Inc. v. Garner Group, Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999)).  Plaintiff's argument that the interrogatory is premature is rejected.  *See U.S. Legal Support, Inc. v. Hofioni*, 2015 U.S. Dist. LEXIS 137984, \*11-\*17 (E.D. Cal. Oct. 7, 2015) (rejecting argument that plaintiff cannot identify each trade secret until defendants respond to additional discovery).

IT IS ORDERED that, within 14 days after entry of this order, Plaintiff shall serve a supplemental response to Defendant's interrogatory.

:30

Initials of Preparer          kl