UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-08961-SJO (AGRx) | Date | 08/02/2018 |
|---|---|---|---|
| Title | Shipito, LLC. v. Jason Luong, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| K. Lozada | XTR 08/02/2018 | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
|---|---|
| William B. Chadwick, | Alan Edward Engle, |

**Proceedings:** **DEFENDANTS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 1**

Case is called. Counsel state their appearances.

The court conducted a telephonic discovery conference on Defendants' motion to compel Plaintiff to provide supplemental responses to Interrogatory No. 1. This court previously issued an order granting Defendants' motion to compel further responses to Interrogatory No. 1. (Dkt. No. 56.) Plaintiff provided a supplemental response on July 23, 2018. Defendants contend that Plaintiff's supplemental response is insufficient. The parties filed a Joint Report in advance of this telephonic discovery conference. (Dkt. No. 59.)

As stated in the Order dated July 9, 2018, a plaintiff "'should describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those person . . . skilled in the trade.'" *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998) (emphasis in original); *see also Pellerin v. Honewell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012) (even at complaint stage, plaintiff must provide sufficient information of what it claims is a trade secret "'to provide reasonable guidance in ascertaining the scope of appropriate discovery'") (citation omitted).

The court will not repeat the law stated in the Order dated July 9, 2018, which is incorporated herein by reference.

The court noted that two categories of information disclosed in the supplemental response – the alphanumeric labeling and tracking of packages, and the pricing system – appear to be publicly available information on the Plaintiff's website, in the public record, or otherwise matters of general knowledge in the trade. Plaintiff has provided no information to the contrary. These two categories are woefully deficient.

As to the first three categories, Plaintiff stated that it can provide supporting documentation in its supplemental response. It appears that Plaintiff seeks to avail itself of Fed. R. Civ. P. 33(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-08961-SJO (AGRx) | Date | 08/02/2018 |
|---|---|---|---|
| Title | Shipito, LLC. v. Jason Luong, et al. | | |

    As to the last two categories, Defendants complained that Plaintiff had not identified any portion of the source code or database schema that it contended was a trade secret. Defendants represented that they had produced their source code and database schema.

    For the reasons stated on the record, IT IS ORDERED that Defendants' motion to compel supplemental responses is GRANTED IN PART as follows:

1. Within 7 days after entry of this order, Plaintiff shall serve a second supplemental response that specifies, for each of the first three categories, the documents and their corresponding bates stamp numbers that contain the information Plaintiff contends is a trade secret. If not already produced, Plaintiff shall produce the documents as well.

2. If the second supplemental response continues to include the package ID system and pricing system as a trade secret in this case, Plaintiff must specifically identify what about the package ID system and pricing system is a trade secret.

3. Within 21 days after entry of this order, Plaintiff shall identify the portions of the source code or database schema that it contends is a trade secret.

4. The parties agreed to exchange productions of source code in native form. Plaintiff shall also produce its database schema. Such production shall take place within 7 days after entry of this order or such other date that is mutually agreed by counsel.

    IT IS FURTHER ORDERED that Defendants' request for sanctions is DENIED.

    1:00

Initials of Preparer      kl