Robert E. Aycock (admitted *pro hac vice*)
raycock@pa-law.com
William O. Kimball (admitted *pro hac vice*)
bkimball@pa-law.com
William Chadwick (admitted *pro hac vice*)
wchadwick@pa-law.com
PIA ANDERSON MOSS HOYT, LLC
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
T: 801.350.9000
F: 801.350.9010

[additional counsel listed on signature page]

*Attorneys for Shipito, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPITO, LLC,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JASON LUONG,<br>PLANET EXPRESS SHIPPING, LLC, and DOES 1 through 10<br><br>                    Defendants. | No.  2:17-cv-08961-SJO-AGR<br><br>**PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION TO CONTINUE THE MOTION CUTOFF DATE**<br><br>Judge: Hon. S. James Otero<br>Hearing Date: None requested<br>**Trial Date: January 15, 2019** |

_____

Plaintiff Shipito, LLC ("Plaintiff") opposes Defendants' Ex Parte Application to continue the current motion cutoff date. Plaintiff and its counsel typically accommodate and join reasonable requests for extension as they understand that litigation and life are unpredictable, and that mistakes happen. However, Defendants' present request is not a result of such circumstances. Defendants have been aware of the requirements of the Federal Rules of Civil Procedure, the Local Rules, this Court's Standing Order, and the Scheduling Order for many months and have failed to diligently comply with those rules necessitating their *ex parte* application to modify the scheduling order. "[E]mergency applications are disfavored and only granted when the moving party meets certain conditions. Among other things, the moving party must show that it's 'without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.'" *ATEN Int'l Co. v. Uniclass Tech.*, No. 15-4424, at *1-2 (C.D. Cal. Nov. 15, 2016) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491–92 (C.D. Cal. 1995). Defendants' crisis was created through their own actions and their request for relief should be denied.

On January 12, 2018, the Court issued its Standing Order requiring "[a]ll law and motion matters . . . must be set for hearing (not filing) by the motion hearing cut-off date." (Dkt. 37 at Section 23(b).) The Standing Order also requires noticed motions to be served at least 35 days before the hearing date in cases where the parties have entered a stipulated protective order, such as this case. (*Id.* at Section 31(c); Dkt.53.) On March 12, 2018, the Court held a mandatory scheduling conference. (Dkt. 47.) Defendants' counsel did not attend. (*Id.*) In that conference, the Court set the Motion Cutoff for November 13, 2018 at 10:00 a.m. (*Id.*) This made October 9, 2018 the deadline to file a noticed motion. Defendants have known of this deadline for seven months but inexplicably waited until after the deadline to file a motion had passed before submitting their *ex parte* application to modify the scheduling order.

Defendants' requested relief is necessitated by their own, minimal involvement in the case and disregard for the governing rules. On March 23, 2018, Defendants submitted a lone interrogatory asking Plaintiff to identify the trade secrets it believed to have been misappropriated. Plaintiff timely responded to that request. Defendants were unsatisfied with the response and requested two discovery conferences with the magistrate judge. Plaintiff provided multiple supplemental responses to the single interrogatory and produced source code, its customer list, its database schema, an operational flow chart, and over 100 pages of carrier agreements in support of its interrogatory response. Plaintiff's Third Supplemental Response to Defendants' Interrogatory No. 1 was produced on August 24, 2018.[1] In addition, Plaintiff timely provided their initial disclosures on November 22, 2017.

Despite having Plaintiff's initial disclosures and a detailed identification of the trade secrets at issue, Defendants did not make another discovery request until September 16, 2018, almost six months after its first interrogatory.[2] Federal Rules of Civil Procedure 33, 34, and 36 provide parties 30 days to respond to written

---

[1] A subsequent supplemental response was provided on September 27, 2018 that included minor revisions but left the substance of the response unchanged.

[2] Defendants' response was received on September 16, 2018 at 1:01 AM (MDT) or 12:01 AM (PDT) (see below):

```
From:         Alan Engle <alan.engle@meenlegal.com>
Sent:         Sunday, September 16, 2018 1:01 AM
To:           William Chadwick; Robert Aycock; Bill Kimball; Jeff Lee
Subject:      Defendants Long and Planet Expresses' 2nd set of Discovery Requests
Attachments:  Def Long and PE 2nd set of Discovery Requests 9-15-2018.pdf

Counsel,

Please find attached Defendants Long and Planet Expresses' 2nd set of Discovery Requests.

Regards,

Alan
```

discovery requests, making Plaintiff's response due on October 16, 2018—one day after the discovery cut-off. (Dkt. 47 at 1.) This Court's Standing Order requires all written discovery to be "served sufficiently in advance of the discovery cut-off to enable the discovering party to challenge (via motion) deficient responses." (Dkt. 37 at Section 22(c).) Further, Defendants are conducting their only deposition tomorrow—the discovery cutoff—after providing notice less than two weeks ago.

Defendants have presented no compelling reason for their untimely discovery requests. Many of the requests could have been made months ago based on the information in Plaintiff's Amended Complaint and Initial Disclosures. Plaintiff's numerous supplemental responses to Defendants' Interrogatory No. 1 also provided basis for the rest of Defendants' discovery requests well before the end of discovery. Still, Defendants waited until after the deadline had passed and just two business days before the close of discovery to make their request. To receive *ex parte* relief, "[t]he moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Mission Power*, 883 F. Supp. at 493. As Judge Rymer warned, "[e]x parte applications are not intended to save the day for parties who failed to present requests when they should have . . ." *In re Intermagnetics America, Inc.*, 101 B.R. 191 (C.D. Cal. 1989).

Defendants' attention and responsiveness to Plaintiff's discovery requests have similarly been lacking. In some instances, Defendants only produced responsive documents or information after Plaintiffs provided incontrovertible evidence that such documents existed and had been withheld. Plaintiff also just learned during their taking of Defendants' depositions that Defendants have attempted to hide their misappropriation of Plaintiff's trade secret customer list by deleting text communications between Defendants and Plaintiff's customers. This raises serious concerns as to what other material evidence Defendants have spoliated or withheld.

The Federal Rules of Civil Procedure, the Local Rules, the Standing Order, and the Scheduling Order provide deadlines to help secure the just and speedy determination of this action. For months, Defendants have known of these rules and done little to abide by them or prepare to timely file a noticed motion. Now that certain deadlines have passed, are passing tomorrow, or will pass in the near future, Defendants have requested judicial relief from the circumstances caused by their own inaction. This request should be denied. *See Mission Power*, 883 F. Supp. at 492 (denying *ex parte* application when moving party had not established that it was without fault in creating the crisis circumstances.)

DATE: October 14, 2018

                                    PIA ANDERSON MOSS HOYT

                                    */s/ William B. Chadwick*
                                    Robert E. Aycock (admitted *pro hac vice*)
                                    William O. Kimball (admitted *pro hac vice*)
                                    William Chadwick (admitted *pro hac vice*)
                                    PIA ANDERSON MOSS HOYT, LLC
                                    136 E. South Temple, Suite 1900
                                    Salt Lake City, UT 84111

                                    Jen-Feng Lee, SBN 204328
                                    Kenneth K. Tanji, Jr., SBN 162273
                                    LT PACIFIC LAW GROUP, LLP
                                    17800 Castleton Street, #560
                                    City of Industry, CA 91748

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2018, a true and correct copy of the foregoing **SHIPITO LLC'S OPPOSITION TO EX PARTE APPLICATION TO CONTINUE THE MOTION CUTOFF DATE** was filed with the clerk of the court and served via email to opposing counsel through the Court's CM/ECF service.

*/s/ William B. Chadwick*
William B. Chadwick