# EXHIBIT A

Robert E. Aycock (admitted *pro hac vice*)
raycock@pa-law.com
William O. Kimball (admitted *pro hac vice*)
bkimball@pa-law.com
William Chadwick (admitted *pro hac vice*)
wchadwick@pa-law.com
PIA ANDERSON MOSS HOYT, LLC
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
T: 801.350.9000
F: 801.350.9010

[additional counsel listed on signature page]

*Attorneys for Shipito, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPITO, LLC,<br><br>            Plaintiff,<br><br>   vs.<br><br>JASON LUONG,<br>PLANET EXPRESS SHIPPING, LLC, and<br>DOES 1 through 10<br><br>            Defendants. | No. 2:17-cv-08961-SJO-AGR<br><br>**CONSENT JUDGMENT AND INJUNCTION**<br><br>Judge: Hon. S. James Otero |

Having reviewed the stipulation of the parties for entry of a Consent Judgment and Injunction, being fully advised in the premises, and for good cause shown, the Court hereby makes the following findings and enters Final Judgment as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Shipito, LLC is a Utah limited liability company having a principal place of business at 9815 S. Monroe St., Suite 510, Sandy, UT 84070.

2. Planet Express is a California limited liability company having a principal place of business at 17224 S. Figueroa St., Gardena, CA 90248.

3. Jason Luong is an individual residing at 2815 Sepulveda Blvd., Torrance, CA 90505.

4. The Court has personal jurisdiction over the Defendants Planet Express and Luong.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(c).

6. The Court has subject matter jurisdiction over the claims asserts in Shipito's First Amended Complaint pursuant to 28 U.S.C. §§1331 and 1338(a)-(b).

## TRADE SECRET MISAPPROPRIATION

7. Shipito owns and possesses certain valuable, confidential, proprietary, and trade secret information ("***Trade Secrets***"). Shipito's Trade Secrets include its source code, database schema, customer information, carrier agreements, and order and operations flow.

8. Shipito alleges that Luong and Planet Express acquired Shipito's Trade Secrets through improper means and had reason to know that the Trade Secrets were acquired by improper means.

9. Shipito alleges that Luong and Planet Express disclosed and used Shipito's Trade Secrets without express or implied consent from Shipito.

10. As a direct and proximate result of Luong and Planet Express's alleged misappropriation of Shipito's Trade Secrets, Shipito alleges it has suffered severe competitive harm, irreparable injury, and significant damages.

## FINDINGS ON INJUNCTION

11. The trial date for this matter is set for February 25, 2019, and Shipito may potentially prevail on the merits of its trade secret misappropriation claim.

12. Shipito has and would suffer irreparable harm if defendants Luong and Planet Express have engaged or engage in the use of any Shipito Trade Secret.

13. The balance of hardships and public policy and the broader interest in favor of the settlement of disputes justify the issuance of an injunction in favor of Shipito.

## INJUNCTION

14. Defendants Luong and Planet Express and their officers, agents, servants, employees, and all persons acting in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise are hereby enjoined as follows:

   a. Luong and Planet Express are enjoined from acquiring, using or disclosing any of Shipito's Trade Secrets;

   b. Luong and Planet Express are required to immediately destroy all copies of all files or documents containing Shipito's Trade Secrets, if any;

   c. Luong and Planet Express are enjoined from knowingly soliciting, endeavoring to entice away from Shipito, or otherwise interfering with Shipito's relationship with any of its employees; and

   d. Luong and Planet Express are enjoined from knowingly soliciting, endeavoring to entice away from Shipito, or otherwise interfering with Shipito's relationship with any of its customers for a period of five years, per the terms of the parties' Confidential Settlement Agreement.

## FINAL JUDGMENT

15. Final judgment is hereby entered on the claims of the First Amended Complaint.

16. All parties shall bear their respective attorneys' fees and costs. The terms of the Settlement Agreement between the parties and this judgment are to be construed together.

17. This judgment fully and finally resolves, for purposes of res judicata and collateral estoppel, any and all issues of trade secret misappropriation arising out of the allegations of the First Amended Complaint.

18. The Court shall maintain jurisdiction over this action for purposes of enforcement of this Injunction and Consent Judgment and the Settlement Agreement between Shipito and the Defendants, subject to the arbitration and mediation requirements of the Settlement Agreement.

DATED this _____ day of January, 2019.

_____
Hon. S. James Otero
United States District Judge

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| PIA ANDERSON MOSS HOYT | MEADOR & ENGLE |
| */s/ Robert E. Aycock* | */s/ Alan E. Engle* |
| Robert E. Aycock (admitted *pro hac vice*) | Alan Engle (Bar No. 224779) |
| raycock@pa-law.com | alan.engle@meenlegal.com |
| William O. Kimball (admitted *pro hac vice*) | 5151 California Ave., Suite 100 |
| William B. Chadwick (admitted *pro hac vice*) | Irvine, CA 92617 |
| 136 E. South Temple, Suite 1900 | |
| Salt Lake City, UT 84111 | *Attorney for Defendants Jason Luong and Planet Express Shipping, LLC* |

Jen-Feng Lee, SBN 204328
Kenneth K. Tanji, Jr., SBN 162273
LT PACIFIC LAW GROUP, LLP
17800 Castleton Street, #560
City of Industry, CA 91748

*Attorneys for Plaintiff Shipito, LLC*